1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LEROY ARTHER ANDREOZZI,              No. CIV S-09-1192-JAM-CMK-P

12                 Plaintiff,

13          vs.                           <u>ORDER</u>

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,

15

16                 Defendants.
     _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

                                            1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Most of Plaintiff's complaint consists of a recitation of legal authority and

medical records.  There are very few facts for the court to review.  As best as the court can tell,

Plaintiff is alleging that during a sweep of his dormitory, his medication was removed from on

top of his locker, and no receipt was given to him.  While he mentions the lack of receipt for

taking his property, his claim appears to relate to the denial of medication and denial of

emergency medical treatment.

## II.  DISCUSSION

### A.      Pleading Requirements

As stated above, Rule 8 requires that a complaint contain a short and plain

statement of the claim.  Here, Plaintiff's complaint refers to nearly 80 pages of attached

documents which purportedly support the limited factual allegations against the defendants.  This

pleading method does not, however, satisfy the requirement of Federal Rule of Civil Procedure

8(a) that claims must be stated simply, concisely, and directly.  To the contrary, plaintiff's

complaint would require the court to comb through over 100 pages of documents in order to even

guess at plaintiff's claims.  The court is unwilling to do this in part due to limited judicial

resources but also because it is for plaintiff – not the court – to formulate his claims.

/ / /

/ / /

1        Plaintiff is advised that it is generally inappropriate to attach exhibits to a

2    complaint.  See Fed. R. Civ. P. 8.  Further, the Court cannot serve as a repository for the parties'

3    evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)

4    should not be submitted until the course of litigation brings the evidence into question (for

5    example, on a motion for summary judgment, at trial, or when requested by the court).  At this

6    point, the submission of evidence is premature as Plaintiff is only required to state a prima facie

7    claim for relief.  Thus, Plaintiff should simply state the facts upon which he alleges a defendant

8    has violated his constitutional rights and refrain from submitting exhibits.

9              **B.    Denial of Medication**

10       The treatment a prisoner receives in prison and the conditions under which the

11    prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

12    and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

13    511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

14    of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

15    (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

16    Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

17    "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

18    801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

19    when two requirements are met: (1) objectively, the official's act or omission must be so serious

20    such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

21    subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

22    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

23    official must have a "sufficiently culpable mind."  See id.

24       Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

25    injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

26    105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

3

1   health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

2   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

3   injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d

4   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

5   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

6   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

7   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

8   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

9          The requirement of deliberate indifference is less stringent in medical needs cases

10  than in other Eighth Amendment contexts because the responsibility to provide inmates with

11  medical care does not generally conflict with competing penological concerns.  See McGuckin,

12  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

13  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

14  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

15  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

16  treatment, or interference with medical treatment, may also constitute deliberate indifference.

17  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

18  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

19         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

20  connection or link between the actions of the named defendants and the alleged deprivations.

21  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

24  omits to perform an act which he is legally required to do that causes the deprivation of which

25  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

26  conclusory allegations concerning the involvement of official personnel in civil rights violations

4

are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff alleges all of the individual defendants participated in some sort of sweep for contraband in the dormitory.  During this sweep, some of Plaintiff's mediation was confiscated.  His allegations are vague as to most of the defendants' participation in denying him his medication.  The only defendant he specifically alleges deprived him of his necessary medication is Lesane.  He claims he informed Lesane of his need for the medication that was confiscated, but Lesane refused to return it, thus violating his Eighth Amendment rights.  Plaintiff's complaint is insufficient to state a claim against any of the other individual defendants as he fails to link any of the other defendants to his claim that he was denied his medication.

## C.    Immune Defendants

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official

1  capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh

2  Amendment also does not bar suits against cities and counties.  See Monell v. Dep't of Soc.

3  Servs., 436 U.S. 658, 690 n.54 (1978).

4              Here, in addition to the individual defendants, Plaintiff names both the California

5  Department of Corrections and the California Medical Facility Vacaville as defendants.

6  However, both of these state agencies are protected by the Eleventh Amendment.  Thus, Plaintiff

7  is unable to plead sufficient facts to establish any liability to either agency.  This deficiency is not

8  curable.

9                              **III.  CONCLUSION**

10             Plaintiff's complaint is insufficient to state a claim against any defendant except

11 perhaps Lesane.  Plaintiff fails to allege any affirmative action of any other defendant beyond

12 their participation of a sweep of the dormitory.  In addition, a complaint consisting of nearly 80

13 pages of exhibits violates Rule 8's requirement for brevity.  Although he alleges specific facts as

14 to defendant Lesane's denial of his medication, the court will not permit such a deficient

15 complaint to be serve upon only one of ten named defendants.

16             Because it is possible that some of the deficiencies identified in this order may be

17 cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the

18 entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

19 Plaintiff is informed that, as a general rule, an amended complaint supersedes the original

20 complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following

21 dismissal with leave to amend, all claims alleged in the original complaint which are not alleged

22 in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

23 Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order

24 to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended

25 complaint must be complete in itself without reference to any prior pleading.  See id.

26 / / /

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff is also reminded that it is generally inappropriate to attach exhibits, such as his medical records, to a complaint. See Fed. R. Civ. P. 8.  Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting unnecessary exhibits.

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend; and

2.      Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: December 14, 2009

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE