1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LEROY ARTHER ANDREOZZI,              No. CIV S-09-1192-JAM-CMK-P

12                    Plaintiff,

13          vs.                          <u>ORDER</u>

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,
15
                     Defendants.
16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 14).[1]

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23

24          [1]      As noted in a separate order, Plaintiff filed a second, duplicative amended
     complaint.  As the second amended complaint Plaintiff filed (Doc. 15) also violates Rule 8 by
25   attaching almost 100 pages of exhibits in support of his claims, and the body of the complaint is
     the same as the first amended complaint, the second amended complaint has been disregarded.
26   This action proceeds on the first amended complaint (Doc. 14).

                                              1

1  from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

2  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

3  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

4  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

5  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

6  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

7  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

8  allege with at least some degree of particularity overt acts by specific defendants which support

9  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

10  impossible for the court to conduct the screening required by law when the allegations are vague

11  and conclusory.

12        Plaintiff's original complaint was dismissed as violating Rule 8's pleading

13  requirements.  The undersigned identified Plaintiff's claims as possible, and informed Plaintiff

14  that his complaint was insufficient to state a claim for denial of medical treatment as to any

15  individual with the exception of defendant Lasane.  The undersigned explained to Plaintiff what

16  was required in order to state a claim for denial of medical treatment, including the necessity to

17  link each defendant to any alleged constitutional violation.  The undersigned also explained to

18  Plaintiff that some of the defendants he named were immune under the Eleventh Amendment.

19  The court provided Plaintiff an opportunity to file an amended complaint to cure the noted

20  defects.  Plaintiff has done so, and as addressed by separate order, the undersigned found service

21  to be proper for defendant Lasane.

22        Plaintiff's amended complaint, however, fails to cure some defects.  Specifically,

23  as mentioned by the undersigned in the first screening order, Plaintiff fails to set forth any

24  factually allegations against any defendant other that Lasane.  The undersigned previously

25  informed Plaintiff that:

26  / / /

1

2

3

4

5

6

7

8

9

> [t]o state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

10  Plaintiff's amended complaint fails to state a claim against any defendant other

11  than Lesane as he fails to make any factual allegations against any other defendant.  His amended

12  complaint continues to list several other defendants, including those previously identified as

13  immune under the Eleventh Amendment, but no facts are alleged linking any of the defendants to

14  Plaintiff's alleged constitutional violation.  It appears Plaintiff is either unwilling or unable to

15  cure this defect.

16  Because it does not appear possible that Plaintiff can cure the deficiencies

17  identified herein, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.

18  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

19  Based on the foregoing, the undersigned recommends that this action proceed

20  against defendant Lesane only, and all other defendants be dismissed.

21  These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

23  after being served with these findings and recommendations, any party may file written

24  / / /

25  / / /

26  / / /

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

2  Findings and Recommendations."  Failure to file objections within the specified time may waive

3  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5   DATED: April 30, 2010

6
                                          _____
7                                         CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26