**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEROY ARTHER ANDREOZZI, | No. CIV S-09-1192-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel (Docs. 31, 35).

      Plaintiff apparently brings his motions on the basis that he has not received responses from his discovery requests for records. He provide the court copies of his requests, which are titled "Motion of Discovery" and were sent to various individuals. None of the individuals are parties to this action. Some of the individuals plaintiff has requested documents from were originally named in this action, but have been dismissed. Others were never named have never been part of this action.

/ / /

/ / /

Generally, discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). However, certain discovery rules apply only to the parties involved in an action, while other can apply to non-party discovery. Where a litigant is attempting to obtain discovery from a non-party, additional burdens are often imposed on the litigant.

Here, it appears that plaintiff attempted to engage in discovery with non-parties without following the proper procedures required. He indicates the discovery requested submitted to the non-parties were submitted pursuant to Federal Rules of Civil Procedure 26, 31, 33, and 34. Rule 31, allowing for depositions by written question, and Rule 34, governing the production of documents, may be applicable to non-party individuals. However, in pursuing such discovery with a non-party individual, a litigant is required to comply with Rule 45, including requesting and obtaining a subpoena from the court. See Fed. R. Civ. P. 45(a)(2). Plaintiff never requested such a subpoena be issued. In addition, Rule 33, governing interrogatories to parties, is not applicable to non-party individuals. See Fed. R. Civ. P 33(a) ("a party may serve on any other party . . . .").

A motion to compel may be brought where the answers provided in response to a discovery request are evasive or incomplete. See Fed. R. Civ. Proc. 37(a)(3)(B), (4). Because plaintiff attempted to engage in discovery with non-party individuals without following the proper procedure, it is not proper for the court to compel responses. Accordingly, his motion to compel responses must be denied. To the extent plaintiff is attempting to compel responses from defendant Lesane, he fails to set forth his "contentions . . . as to each contested issue." See Local Rule 251(c)(3). In fact, plaintiff has not set forth any specific argument as to each disputed request involving the defendant. See id. In addition, defendant Lesane opposes the motion to compel, indicating responses to plaintiff's interrogatories were timely served. Plaintiff offers no explanation as to how those responses were inadequate.

/ / /

2

1         In addition, plaintiff seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances.

        Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motions to compel (Docs. 31, 35) are denied; and

    2.    Plaintiff's request for the appointment of counsel is denied.

DATED: January 17, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE