IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY ARTHER ANDREOZZI, | No. CIV S-09-1192-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion for summary judgment (Doc. 38). Plaintiff filed an opposition to the motion, and defendant filed a reply. Plaintiff has also filed a motion for summary judgment (Doc. 45) which the defendant opposes as untimely (Doc. 46).

## I. BACKGROUND

**A. Plaintiff's Allegations**

This case proceeds on plaintiff's amended complaint (Doc. 14). Plaintiff alleges defendant Lesane confiscated his medication, an inhaler for asthma and high blood pressure medication, during a sweep of the cells, and refused to allow him medical treatment during an

asthma or COPD attack

**B. Undisputed Facts**

Defendant submits to the court that plaintiff failed to respond to the requests for admissions propounded on plaintiff, and thus by operation of law those requests are deemed admitted. Defendant therefore argues there are no disputed facts. Defendant submits that on February 9, 2001, requests for admissions were propounded on plaintiff. Those requests instructed plaintiff to respond "[p]ursuant to Rule 36 of the Federal Rules of Civil Procedure." Defendant further submits that on May 12, 2011, counsel sent plaintiff a letter informing him that he missed the deadline to respond to the discovery requests, that the requests for admissions were thus deemed admitted, and requesting full and complete responses. In support of the pending motion for summary judgment, counsel submits a declaration that as of the filing date no response had been received from plaintiff for any of the discovery requests, including the requests for admissions.

Attached to counsel's supporting declaration are the requests for admissions propounded on plaintiff. Those requests for admissions include the following:

1. LESANE did not violate your Eighth Amendment rights under the United States Constitution;
2. LESANE was not deliberately indifferent to your medical needs;
3. LESANE did not violate any of your constitutional rights;
4. LEASE did not deny you medication;
5. LESANE did not confiscate your medication;
6. LESANE did not confiscate your inhaler;
7. LESANE did not confiscate your hearing aides;
8. LESANE did not deny you medical treatment;
9. LESANE did not interfere with your medical treatment;
10. LESANE did not delay your medical treatment;
11. LESANE did not order the MTA not to attend to you;
12. LESANE did not cause you any physical injuries;
13. LESANE did not cause you any emotional injuries;
14. LESANE did not refuse to return your medications;
15. LESANE did not order that all property be removed from your dorm on May 27, 2008.

(Mot. for Summ. J., Doc. 38-1, Exhibit A).

///

Rule 36 of the Federal Rules of Civil Procedure allows a party to request another party to admit the truth of any matters relating to the facts at issue in the case or the genuineness of any described document. Fed. R. Civ. Proc. 36(a)(1). It further provides that a request for admission is deemed admitted if a response to the request is not served within thirty days of service of the request. Rule 36 continues by providing "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P 36(b). The court is permitted to allow the "withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

By operation of law, due to plaintiff's failure to respond to the defendant's request for admissions, those requests are deemed admitted. This is not a favored method of addressing the merits of the case, and the undersigned is concerned that such a method could lead to abusive practice. However, the Federal Rules do provide such an avenue. The court has the ability to withdraw or amend the admissions, but only upon motion by the responding party. Plaintiff has filed no such motion[1], nor has he addressed the admissions in his opposition to the pending motion. Rather, plaintiff argues that the defendant failed to properly respond to his discovery as well. Unfortunately, the time for filing a motion to compel has long since past, and neither party brought discovery disputes to the court's attention.

///

---

[1] Even if plaintiff were to file such a motion at this late day, or question the use of the admissions in his objections to these findings and recommendations, he would have to not only allege good cause for failing to respond to the request for admissions, but also show good cause for not requesting assistance from the court in a timely manner pursuant to Rule 36(b). Because plaintiff does not address the admissions in his objections, the court is unaware whether plaintiff ever received the requests, whether he did in fact respond to the requests, whether there was some force interfering with his ability to respond thereto, he did not understand what to do with them, or he simply ignored them. Because pro se plaintiffs are expected to follow the Federal Rules of Civil Procedure, plaintiff's failure to respond or address the issue leaves the court with the matters deemed admitted. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995)

1    Given the above status, despite the allegations stated in the amended complaint,
2 the undisputed facts of this case are as follows: Defendant Lesane did not deny or confiscate
3 plaintiff's medication, did not deny, delay, or interfere with plaintiff receiving medical treatment,
4 did not cause plaintiff any injuries, and did not order plaintiff's property be removed from his
5 dorm.

## II. STANDARD FOR SUMMARY JUDGMENT

7    Summary judgment is appropriate when it is demonstrated that there exists "no
8 genuine issue as to any material fact and that the moving party is entitled to a judgment as a
9 matter of law." Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

        In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

        In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

### III.  DISCUSSION

**A.     Defendant's Motion**

Plaintiff alleges defendant violated his Eighth Amendment rights by confiscating his medications, refusing to return them, and refusing to allow plaintiff access to medical personnel.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See <u>Farmer</u>, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See <u>id.</u>

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See <u>Estelle</u>, 429 U.S. at 105; <u>see also</u> <u>Farmer</u>, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant

injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

      The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

      As set forth above, in the motion for summary judgment, defendant relies solely on plaintiff's lack of response to discovery, specifically requests for admissions, to support the argument that defendant did not violate his Eighth Amendment rights. The court acknowledges that pursuant to the Federal Rules of Civil Procedure, a party's failure to deny requests for admissions deems such requests admitted. Defendant sets forth that requests for admissions were timely served on plaintiff, defense counsel informed plaintiff failure to respond would render the requests admitted, provided plaintiff extra time to respond to the requests for admission, but plaintiff never did respond. Defendant therefore asks the court to grant summary judgment on the strength of those deemed admissions, and no other supporting affidavits or evidence.

/ / /

In opposition to the motion, plaintiff argues defendant provides no evidence that he did not act as alleged in the complaint, that the inmate grievance appeal found defendant guilty of the charges levied against him, and that defendant also failed to respond properly to his discovery requests.

First, the court acknowledges the lack of evidence supporting defendant's position. Indeed, such is not the preferred way of addressing such an action, but as discussed above, without a motion from the plaintiff requesting his deemed admissions be withdrawn, the court is left with those admissions. Plaintiff's reliance on the defendant's lack of proper response to his discovery requests is insufficient to relieve the plaintiff of his burden. Plaintiff states that the defendant failed to respond to any of his discovery requests, which leaves material facts in dispute. Plaintiff's argument is inaccurate. Plaintiff does not inform the court as to what discovery requests the defendant failed to respond to, nor did he bring a motion to compel for the court to address this argument. Most importantly, plaintiff does not state that defendant likewise failed to respond to requests for admissions nor did he provide the court with any requests for admissions he propounded on defendant for the court to deem them admitted as well. Therefore, all the court has before it is plaintiff's deemed admissions.

Finally, plaintiff argues that the inmate grievance appeal found defendant guilty of all issues raised, indicating the defendant did in fact violate policy and his constitutional rights. Defendant argues that the appeal is not properly before the court as plaintiff only attached it to inoperable pleadings and has not had the document properly authenticated. Notwithstanding defendant's argument, even if the court were to accept and analyze the inmate appeal, it is insufficient to save plaintiff's case. A review of the decisions partially granting plaintiff's appeal show that the institution found defendant had violated policy by failing to provide plaintiff with a receipt of what was taken during the search. (See Compl., Doc. 1, Ex. A). While this information may go towards supporting his claim, it is simply not enough. Reviewing the decisions, they do not support plaintiff's claim that the defendant was found guilty of all issues raised, including

attempted murder, withholding medical aid, and refusing to return medical devices. Instead, the Second Level of Review (SLR) decision indicates that plaintiff's complaint was referred as a staff complaint against the defendant for confiscating and refusing to return his medication. (See id.). Plaintiff's grievance was partially granted in that an inquiry was conducted and "[i]t was determined staff violated Institutional Policy by not leaving a receipt for the confiscated items." (Id.). Unsatisfied with this decision, plaintiff took his appeal to the next level. At the Director's Level, plaintiff's grievance was denied. The written decision summarized plaintiff's argument including his allegations that defendant confiscated his medication and refused him emergency medical treatment. It further stated that the SLR determined "that staff did violate CDCR policy with respect to the issues raised." (Id.). However, it is clear from his appeal and these two decisions that while plaintiff may have raised other issues, including attempted murder, the only action the institution found violated policy was defendant's failure to provide a receipt to plaintiff. Thus, the inmate grievance is insufficient to counter the deemed admissions, which conclusively establish that defendant did not improperly, and with complete disregard to a serious risk to plaintiff's health, deny or confiscate plaintiff's medication; deny, delay, or interfere with plaintiff receiving medical treatment; cause plaintiff any injures; or order plaintiff's property be removed from his dorm.

**B.   Plaintiff's Motion**

Plaintiff also filed a motion for summary judgment, to which the defendant opposes as untimely. The undersigned agrees. Pursuant to the schedule set in this case, all dispositive motions were to be filed within 90 days of the discovery cutoff, which was set for May 30, 2011. Thus, without a request for extending the deadline or modifying the schedule, all dispositive motions were to be filed on or before August 29, 2011. Plaintiff's motion was not filed until January 26, 2012, well after the deadline had passed.

In addition, even if the court were to consider the merits of plaintiff's motion, the motion itself is insufficient for consideration. Plaintiff's motion is a one paragraph pleading, in

which he contends that based on the inmate grievance appeal decision, defendant was found guilty of all facts in this case and Defendant has not presented any evidence that he did harm or injure plaintiff.  Therefore, plaintiff argues, he is entitled to relief.  Plaintiff's arguments have been addressed above, and are insufficient.  He offers no undisputed facts on which to base a summary judgment in his favor.

## IV.  CONCLUSION

The undersigned finds no genuine issue as to any material fact.  Given plaintiff's deemed admissions, and lack of any motion from plaintiff to have those admissions withdrawn, it stands that defendant did not interfere with plaintiff's medicine or medical care.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion for summary judgment (Doc. 38) be granted;
2. Plaintiff's motion for summary judgment (Doc. 45) be denied;
3. Judgment be entered in favor of defendant; and
4. The Clerk of the Court be directed to enter judgment and close this case .

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE